## SMITH v. ALDRIDGE.

No. 7809—Opinion Filed Nov. 15, 1916.

(161 Pac. 177.)

### Appeal and Error—Review—Scope and Extent—Instructions—Questions of Fact.

In cases of purely equitable cognizance, the verdict of a jury is only advisory; and, where the court adopts such verdict, instructions given to the jury will not be reviewed upon appeal. In such cases, if the judgment of the

court is sustained by the evidence, the same will be approved here.

(Syllabus by Hooker, C.)

Error from District Court, Seminole County; Tom D. McKeown, Judge.

Action by E. C. Aldridge against T. H. Smith. Judgment for plaintiff, and defendant brings error. Affirmed.

Cobb & Cobb and J. A. Baker, for plaintiff in error.

Pryor & Stokes, for defendant in error.

Opinion by HOOKER, C. The defendant in error filed this action in the district court of Seminole county seeking to recover the possession of the real estate involved here, and quiet his title thereto. And in the petition in said action it is alleged that one Lina was a Seminole allottee, and as such allottee this real estate was allotted to her; that she died on the 31st day of July, 1911, leaving no children, never having been married, and leaving as her sole and only heir at law her mother, one Hannah, who on the 4th day of September, 1911, conveyed this real estate by warranty deed to him; and that by virtue of said deed he was the owner of the said real estate, but that the title thereto was clouded by a deed made by one Chilly Ross to T. H. Smith, which deed had been filed for record.

It appears from the record that the plaintiff in error contends that Chilly Ross and Lina some time prior to her death entered into a common-law marriage, and that Lina at the time of her death was the common-law wife of Chilly Ross, and that Chilly Ross as her husband inherited one-half of this land, and that he, having purchased the interest of Chilly Ross therein, was the owner of a one half undivided interest in said property. This was denied by the defendant in error.

Under the authorities of this court, this action was one of equitable cognizance, and, although the trial court submitted the cause to a jury, the verdict of the jury was only advisory to the court. The trial court here adopted the verdict of the jury as its view and conclusion. It is unnecessary to consider any alleged errors in the instructions to the jury, as the court's judgment. coinciding with the judgment of the jury, eliminates the same from our consideration. The issue involved was whether the relation that existed between Lina and Chilly Ross was meretricious or marital. The jury and the trial court, after hearing the evidence, reached the conclusion that the relation of husband and wife did not exist between these two people. and the defendant in error was successful

in the lower court. We cannot say that the opinion of the court is against the weight of the evidence when we consider the reprehensible conduct of Chilly Ross in deserting his alleged common-law wife upon her deathbed, his failure to attend her funeral, his failure or refusal to pay for her burial expenses, his expressed doubt as to the paternity of their child, and his admission that he procured the marriage license, which is somewhat indicative that he did not rely upon the common-law relations. To give to him the relation of a common-law husband when his responsibilities are ended by the death of this common-law wife, which he denied in her lifetime, in order that he might inherit her property, would in our judgment be an insult to the marriage relation and place a premium upon illicit cohabitation. In her lifetime he was cruel. inhuman, and beastly towards her. His acts constitute the best index of the intention of his cohabitation, and his conduct towards her speaks with more force and character than his words, and, while it is the expressed policy of the law of this court to adopt that view of relations of this character which will uphold marriages and make cohabitation of this character lawful, still, under the evidence here. the behavior of Chilly Ross belies the marital relation and indicates exclusively a lustful indulgence. As we view the evidence. the weight of the same supports the judgment of the trial court, and this cause is affirmed.

By the Court: It is so ordered.